IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| RIAN KING, LARRY DONNEL TAYLOR JR., AND RIAN KING AS PARENT AND NEXT FRIEND OF LT (male), and LT(female), MINORS, | )<br>)<br>)<br>)<br>) Case No: 25-cv-7426 |
| Plaintiffs, | ) Complaint for Violation of Civil Rights<br>) and Supplemental State Law Claims |
| v. | ) |
| City of Chicago Police Officers, LUCAS F. MICHAELS, and MIGUEL FLORES, and THE CITY OF CHICAGO, | ) **JURY DEMANDED**<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

NOW COMES Plaintiffs, RIAN KING, LARRY DONNEL TAYLOR JR., LAHAJAÉ TAYLOR, and LA-RIAH TAYLOR, by and through their attorney, ED FOX & ASSOCIATES, LTD., and complaining of Defendants MICHAELS, FLORES, and THE CITY OF CHICAGO, and states as follows:

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. § 1983). This Court has jurisdiction under and by virtue of 28 U.S.C § 1343 and 1331.

2. Venue is founded in this judicial court upon 28 U.S.C. § 1391 as the acts complained of arose in this district.

### PARTIES

1

3. At all times herein mentioned, Rain King, Larry Donnel Taylor Jr., and Rian King, as parent and next friend of LT(male), and LT(female), both minors, (hereinafter "Plaintiffs"), were and are citizens of the United States and were within the jurisdiction of this Court.

4. At all times mentioned Defendants City of Chicago Police Officers, Lucas F. Michaels, and Miguel Flores, were employed by the City of Chicago Police Department (hereinafter "Defendants") and were acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. These Defendants are being sued in their individual capacities.

5. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the law of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

## FACTUAL ALLEGATIONS

6. On February 27, 2025, at approximately 6:30 P.M. the Plaintiffs were in their vehicle driving near 63rd Street and Halsted Street, in Chicago, County of Cook, Illinois.

7. Plaintiff, Larry Taylor, was driving his vehicle, Plaintiff, Rian King, was riding in the passenger seat, and Plaintiffs, LT(male) and LT(female), were seated in the back seats of the vehicle.

8. At that date, time, and place, Defendants Michaels and Flores detained the Plaintiffs within their vehicle, in the Walgreens parking lot, located at 650 W 63rd St., Chicago, IL, 60621.

2

9. There was no legal cause or reasonable suspicion to cause the detainment of the Plaintiffs within their vehicle.

10. Defendants asked to see Larry's driver license and vehicle registration, which he had.

11. Defendants then proceeded to question Plaintiffs, Rian and Larry, asking them whether they had guns or drugs in the vehicle, in which they responded 'no'.

12. Defendants continued to ask them many additional times whether there was any drugs or guns in the vehicle, to which Plaintiffs responded 'no'.

13. Defendants then asked Plaintiffs if they possessed a Firearm Owners Identification ("FOID") card.

14. Defendants then began to aggressively pull Plaintiff, Larry, out of the vehicle. Plaintiffs, Larry and Rian, protested against as Larry is disabled and requires a cane to walk.

15. Defendants stopped pulling Larry out of his vehicle only after witnessing his foot and cane.

16. Plaintiff, Rian, called 911 to request a supervisor, as her requests for a supervisor to Defendant Michaels and Flores were ignored.

17. Defendants proceeded to aggressively pull Plaintiff, Rian, out of the vehicle. Defendants subsequently grabbed and/or yanked her arms and elbows, to handcuff her, consequently injuring Rian.

18. Plaintiff, Rian, remained handcuffed for approximately an unnecessarily lengthy period of time.

19. Defendants requested Plaintiffs, Rian and Larry's consent to a search of their vehicle. Both Plaintiffs denied the request for a consent to search their vehicle.

20. Notwithstanding that no consent to search was given, Defendants forcibly began to search the vehicle, as Plaintiff Rian was handcuffed and while Plaintiff Larry was placed to stand behind his vehicle.

21. Defendants pulled Plaintiff LT(male), who was only eight years old, out from the vehicle, and lifted Plaintiff LT(female), who was only two years old, from her car safety seat to search around and under the car safety seat.

22. Defendants spent a lengthy period of time searching Plaintiffs' vehicle, in which nothing illegal was found.

23. Defendants unlawfully detained Plaintiffs for a lengthy period of time before Defendants released them.

24. The Defendants had no lawful or probable cause to arrest and/or detain any Plaintiff, including the children, for any period of time.

25. By reason of the above-described acts and omissions of Defendants, Plaintiffs sustained injuries, including but not limited to, loss special damages, humiliation and indignities, and suffered great mental and emotional pain and suffering all to their damage in an amount to be ascertained.

26. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for the Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

27. By reason of the above-described acts and omissions of Defendants, Plaintiffs were required to retain an attorney to institute, prosecute, and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights. By

reason thereof, Plaintiffs request payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Equal Access to Justice Act, or any other provision set by law.

## Count I

**ALL PLAINTIFFS AGAINST THE INDIVIDUAL DEFENDANTS AND EACH OF THEM FOR FALSE ARREST AND/OR UNLAWFJUL DETENTION PURSUANT TO 42 U.S.C. § 1983.**

28. Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-seven (27) as though fully set forth at this place.

29. The Defendants and each of them, known and unknown, individually, acted to deprive Plaintiffs of their Fourth Amendment rights by handcuffing, arresting, detaining, and/or otherwise seizing Plaintiffs without any probable cause or other legal cause.

30. As noted above, Plaintiff Rian was aggressively grabbed and yanked, as she was being handcuffed, causing injuries. Plaintiffs, Larry, LT(male), and LT(female), were stopped by Defendants and not permitted to leave, while a search of their vehicle was undertaken.

31. By reasons of the conduct of the Defendants and each of them, Plaintiffs were deprived of rights, privileges, and immunities secured by them by the Fourth Amendment to the Constitution of the United States and law enacted thereunder.

32. The foregoing was unnecessary and unreasonable and was therefore in violation of Plaintiffs' Fourth Amendment rights. Therefore, the Defendants are liable to Plaintiffs pursuant to 42 U.S.C. §1983.

## Count II

**PLAINTIFF, RIAN KING, AGAINST THE INDIVIDUAL DEFENDANTS AND EACH OF THEM FOR EXCESSIVE FORCE PURSUANT TO 42 U.S.C. § 1983.**

33. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-seven (27) as though fully set forth at this place.

34. Defendants and each of them forcefully and unreasonably used an unnecessary amount of force in detaining and handcuffing Plaintiff, Rian King, causing pain and injury.

35. Defendants had no just cause to use the above-mentioned force against the Plaintiff.

36. As a result, the Plaintiff was injured physically, emotionally, and otherwise by losing certain constitutionally protected liberty rights.

37. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

<u>Count III</u>

**PLAINTIFFS, RIAN KING AND LARRY DONNEL TAYLOR JR., AGAINST THE INDIVIDUAL DEFENDANTS AND EACH OF THEM FOR UNREASONABLE SEARCH OF PLAINTIFFS' VEHICLE**

38. Plaintiffs hereby incorporates and realleges paragraphs one (1) through twenty seven (27) as though fully set forth at this place.

39. By reason of Defendants' conduct, Plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

40. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiffs' vehicle was in violation of Plaintiffs' constitutional rights and not authorized by law. Defendants violated Plaintiffs' rights in the following manner on February 27, 2025: ordering Plaintiffs out of their vehicle and searching Plaintiffs' vehicle without just cause. Therefore, Defendants, in their individual capacity, are liable to Plaintiffs pursuant to 42 U.S.C. § 1983

<u>Count IV</u>

**PLAINTIFFS AGAINST THE CITY OF CHICAGO FOR THE STATE LAW CLAIM OF FALSE IMPRISONMENT**

41. Plaintiffs hereby incorporates and realleges paragraphs one (1) through twenty-seven (27) as though fully set forth at this place.

42. As a result of the actions of the individual Defendants as alleged above, Plaintiff was falsely imprisoned.

43. The City of Chicago is liable to Plaintiff by virtue of *respondeat superior*.

44. The foregoing constitutes the state law tort of false imprisonment.

**WHEREFORE**, the Plaintiffs, by and through their attorneys, ED FOX AND ASSOCIATES, request judgment as follows against the Defendants, and each of them:

1. That the Defendants and each of them be required to pay Plaintiffs' general damages, including emotional distress, in a sum to be ascertained;

2. That all Defendants be required to pay Plaintiffs' special damages;

3. That the individual Defendants required to pay Plaintiffs' attorneys fees pursuant to 42 1983 of Title 42 of the United States Code, § 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the individual Defendants and each of them and other unnamed and unknown Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the defendants be required to pay Plaintiffs' costs of the suit herein incurred; and

6. That Plaintiffs have such other and further relief as this Court may deem just and proper.

        Respectfully Submitted,

BY: *s/ Edward M. Fox*
   ED FOX & ASSOCIATES, LTD.
   Attorneys for Plaintiff
   118 N Clinton St, Suite 425
   Chicago, Illinois 60661
   (312) 345-8877
   efox@efox-law.com


**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: *s/ Edward M. Fox*
   ED FOX & ASSOCIATES, LTD.
   Attorneys for Plaintiff
   118 N Clinton St, Suite 425
   Chicago, Illinois 60661
   (312) 345-8877
   efox@efox-law.com